# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANN HENRY,

        Plaintiff,

v.                                     No. CIV 00-719 JC/KBM

ALBUQUERQUE POLICE DEPARTMENT,
OFFICER D.L. HANSEN, NEW MEXICO
MOTOR VEHICLE DIVISION OF THE
STATE OF NEW MEXICO,

        Defendants.

## AMENDED MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendant New Mexico Motor Vehicle Division (MVD)'s Motion to Dismiss, filed June 13, 2000 *(Doc. 10)*; Defendant Albuquerque Police Department (APD)'s Motion to Dismiss, filed June 26, 2000 *(Doc. 12)*; and City Defendants' Motion to Dismiss, filed January 2, 2001 *(Doc. 27)*. The Court has reviewed the motions, the memoranda submitted by the parties and the relevant authorities.

## FACTUAL BACKGROUND

Plaintiff was cited for speeding in a construction zone and ordered to pay a fine of $58.00. *See* Complaint at ¶ 4-5, filed May 17, 2000 *(Doc. 1)*. Plaintiff claims that she paid the fine by check on April 31, 1999; [1] however, the Motor Vehicle Division suspended Plaintiff's license on May 14, 1999 for non-payment. *See* Complaint at ¶ 6. On May 29, 1999 Plaintiff was again pulled over, this time for failure to

---

[1]The court notes that April has only 30 days.

properly display her license plate.  *See id.* Plaintiff alleges that the officer, Officer D.L. Hansen, accessed her driving record and discovered "derogatory" and "erroneous" information supplied by the MVD.  *See* Complaint at ¶ 7.  Officer Hansen then ordered a tow truck to impound Plaintiff's vehicle.  Upon seeing the tow truck, Plaintiff attempted to re-enter her car. Plaintiff then alleges that Officer Hansen physically removed her from the car and proceeded to assault her about the nose and face with his fist.  *See* Complaint at ¶ 8. Plaintiff alleges that she was charged with battery on a police officer and placed under arrest.  *See id*.

Plaintiff was booked at the Bernalillo County Detention Center and released the following day. *See* Complaint at ¶ 9.  In addition to towing charges, Plaintiff again paid the $58.00 for speeding, plus an additional $25.00 to reinstate her driver's license.  *See id*. at ¶10.  Plaintiff now brings suit  against the Albuquerque Police Department, the Motor Vehicle Division and Officer D.L. Hansen  alleging a "bizarre series of constitutional [rights] violations" which have left Plaintiff "greatly disturbed psychologically." Complaint at ¶11.  In addition to her claims for deprivation and violation of civil rights under 42 U.S.C § 1983 *et.seq.* and 18 U.S.C. §241 and 242, Plaintiff brings claims for obstruction of justice, infliction of severe emotional distress, and negligence.

## ANALYSIS

### I.      Standard

In considering a motion to dismiss under Rule 12(b)(6), the pleadings must be liberally construed, all factual allegations in the complaint must be accepted as true, and all reasonable inferences drawn in the plaintiff's favor.  *See Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."

*Sutton v. Utah State School for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)(quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991)).  A complaint may be dismissed pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997)(internal quotation omitted). While Plaintiff, as a *pro se* litigant, is entitled to a more liberal construction of her pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."  *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.1991).

**II.    Discussion**

   **1. Title 18 U. S. C. §§ 241 and 242, §1505**

   Counts III and IV of Plaintiff's Complaint allege that Defendants conspired to and did deprive Plaintiff of her civil rights under 18 U.S.C. §§241 and 242, and obstructed justice under 18 U.S.C. §§ 1505.  *See* Complaint at ¶ 12.  Title 18 provides no private right of action and Plaintiff, as a private citizen, does not have the standing or the authority to prosecute criminal offenses under Title 18 of the United States Code.  *See e.g. Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d Cir. 1994); *Weiss v. Sawyer*, 28 F. Supp. 2d 1221, 1227 (W.D. Okla. 1997)(no private cause of action may be brought under 18 U.S.C. §§ 241 and 242); *Boisjoly v. Morton Thoikol, Inc.*, 706 F. Supp. 795 (D. Utah 1988)(no private cause of action under 18 U.S.C. §1505).  Therefore, Plaintiff's claims for violation of 18 U.S.C. §§ 241, 242 and 1505 are dismissed.

   **2.    Eleventh Amendment Immunity**

   In its motion to dismiss, the MVD argues that, as an arm of the state, it enjoys Eleventh Amendment protection from suit in federal court.

   Under the Eleventh Amendment, an unconsenting State is immune from suit in federal court.

*Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Eleventh Amendment immunity extends to the state, its instrumentalities, and its officers in their official capacities. *See Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988). Whether an agency is protected by the Eleventh Amendment turns on whether the entity "is to be treated as an arm of the State partaking of the State's Eleventh Amendment immunity, or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend." *See id.* (quoting *Mount Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). Such a determination is made by examining the powers, nature and characteristics of the agency under state law. *Id.*

To ascertain whether the MVD is eligible for Eleventh Amendment immunity, the Court engages in a two-part inquiry: (1) what degree of autonomy is given to the agency, as determined by the characterization of the agency by state  law and the extent of guidance and control exercised by the state; and (2) to what extent does the agency rely on funding from the state treasury as opposed to independent funding. *See V-1 Oil Co. v. Utah State Dep't of Pub. Safety*, 131 F.3d 1415, 1420 n. 1 (10th Cir.1997); *Watson v. University of Utah Medical Center*, 75 F.3d 569, 574-75 (10th Cir. 1996). Thus, although the applicability of the Eleventh Amendment is a question of federal law, a determination may only be made after "considering the provisions of state law that define the agency's character." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 430 n. 5 (1997).

New Mexico law defines "state agency" as "any department, institution, board, bureau, commission, district or committee of government of the state of New Mexico and means every office or officer of any of the above." NMSA 1978 § 6-3-1. The Motor Vehicle Division of New Mexico is a division of the state Taxation & Revenue Department. *See* NMSA 1978 § 9-11-4(D). The Taxation & Revenue Department of New Mexico is part of the state government's executive branch, *see* NMSA 1978 § 9-11-4, and administers the state's taxation and revenue laws. *See* NMSA 1978 § 9-11-3. *See also,*

4

*Alarid v. Secretary of the New Mexico Department of Taxation and Revenue*, 878 P.2d 341 (N.M.Ct.App.), cert. denied, 879 P.2d 91 (N.M.1994), cert denied, 513 U.S. 1081 (1995). With the consent of the senate, the governor appoints the secretary who heads the Department.   NMSA 1978 § 9-11-5. The secretary serves at the pleasure of the governor. *See id.*    Clearly, the Taxation & Revenue Department is an arm of the state in that it answers directly to the executive branch of the state and derives its funding and purpose from the state. *Accord, Divine Church of God and Christ, v. Taxation & Revenue Department, et al.*, 116 F.3d 1489,  1997 WL 355326 (10th Cir. June 27, 1997)(unpublished); *Jolly v. New Mexico*, No. 94-2080, 1994 WL 268667 (10th Cir. June 20, 1994) (unpublished). As a division of the Taxation & Revenue Department, the Motor Vehicle Division shares similar characteristics with its parent department.[2] In addition, Plaintiff offers no argument to rebut the suggestion that the MVD acts as an arm of the state.  Consequently, the Court holds that the MVD qualifies as a state agency eligible for Eleventh Amendment immunity and Defendants' motion to dismiss Plaintiff's claims will be granted.

### 3.    The Albuquerque Police Department and Officer Hansen in his Official Capacity

The Tenth Circuit has stated that police departments are not suable entities under § 1983, because they lack legal identities apart from the municipality.  *See Ketchum v. Albuquerque Police Dept.*, No. 91-200, 1992 WL 51481(10th Cir. 1992) (unpublished opinion citing *Martinez v. Winner*, 771 F.2d 424, 443 (10th Cir. 1985)).   Accordingly, the New Mexico District Court has consistently held that a police department is not a legal entity which may be held liable apart from a municipal corporation.  *See e.g., Gonzales v. Morrow*, No. CIV 93-1216 (D.N.M. filed October 25, 1994); *Romero v. City of Albuquerque*, No. CIV 94-832 (D.N.M. filed October 4, 1994); *Flores v. City of Albuquerque*, No. CIV 92-46 (D.N.M.

---

[2] In fact, New Mexico law states that "all references to the department of motor vehicles...shall mean the taxation and revenue department." NMSA 1978 § 66-1-4.1(c).

filed May 28, 1993); *Atencio v. City of Albuquerque*, No. CIV 91-57 (D.N.M. filed August 27, 1991); *Howard v. City of Albuquerque*, No. CIV 91-1019 (D.N.M. filed July 12, 1991). The Court will therefore dismiss Plaintiff's claims against the Albuquerque Police Department.

Plaintiff has also alleged claims against Defendant Hansen as an officer of the Albuquerque Police Department. Generally, a suit against a government official acting in his official capacity merely represents another way of pleading an action against an entity of which an officer is an agent. In *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658 (1978), the Supreme Court held that a municipality cannot be liable under § 1983 on a respondeat superior theory for merely employing a tortfeasor. *See id.* at 691. Rather, municipalities are subject to liability only for their own official policies or customs. *See id.* at 694. Plaintiff has alleged no policy statement, ordinance, regulation or decision officially adopted and promulgated by City officials which could be used to support a claim against the City of Albuquerque. *See id.* at 690. Since any recovery against Defendant Hansen would be paid by the City coffers, and because Plaintiff has not stated a cause of action against the City of Albuquerque, Plaintiff's cause of action against Defendant Hansen in his *official* capacity is necessarily dismissed.

### 4.      Conspiracy to Violate Civil Rights under §§ 1983, 1984, 1985 and 1986

Plaintiff's Count I alleges a conspiracy to violate her civil rights under 42 U.S.C. §§ 1983, 1984, 1985 and 1986. Defendants move to dismiss count one for failure to specifically plead facts establishing a conspiracy.[3]

#### A.      42 U.S.C. § 1983

Relief can be granted on a conspiracy claim under §1983 only if the object of the conspiracy is to

---

[3]While Plaintiff brings Count I against all defendants, the Court has dismissed the claims against Defendants APD and MVD. *See supra*, Sec. II and III. Therefore, the following analysis, though applicable to all Defendants, bears only on the claims against Officer Hansen.

deny Plaintiff a federally protected right. In order to succeed on this claim, Plaintiff must prove both the existence of a conspiracy and the deprivation of a constitutional right. *See Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1517 (10th Cir. 1995). Pleadings asserting such a conspiracy claim, "must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kansas Board of Regents*, 159 F.3d 504, 533 (10th Cir.1998). Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim. *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989).

In order to demonstrate the existence of a civil conspiracy, Plaintiff must show that there was a single plan, the essential nature and scope of which was known to each person who is to be held responsible for its consequences. *See Snell v. Tunnell,* 920 F. 2d 673, 702 (10th Cir. 1990) cert. denied, 499 U. S. 976 (1991) (citations omitted). An express agreement among all the conspirators is not a necessary element, nor must all of the conspirators foresee the exact nature of the deprivation. *See id.* However, Plaintiff has pleaded no facts tending to show agreement by Defendants or which suggest the existence of a plan to deprive her of her Constitutional rights. Furthermore, Plaintiff offers no evidence of any interaction between the Defendants which would suggest an opportunity or motive to deprive Plaintiff of her constitutional rights. Plaintiff merely alleges that her car was wrongfully towed and that she was wrongfully arrested as a result of a conspiracy by Defendants. This is inadequate to state a claim for conspiracy. Accordingly, the Court will dismiss Plaintiff's § 1983 conspiracy claim.

    *B.  42 U.S.C. § 1984*

 42 U.S.C. §1984 was the codified version of § 5 of the Act of Mar. 1, 1875, ch. 114, 18 Stat. 337. That obsolete section merely authorized Supreme Court review of actions brought under one of the first four sections of the 1875 statute. The first two sections of the 1875 Act were declared unconstitutional in *The Civil Rights Cases*, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883). The third and fourth sections were repealed upon enactment of the Criminal Code of 1948, ch. 645,§ 21, 62 Stat. 862. Accordingly, 42 U.S.C.

§1984 has not been law since 1948. Therefore, Plaintiff's claim of conspiracy under § 1984 will be dismissed

C.      42 U.S.C. § 1985

Section 1985(3) does not apply to all tortious, conspiratorial interferences with the rights of others, "but rather, only to conspiracies motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U. S. 88, 101-02 (1971).  In this case, not only has Plaintiff failed to allege facts tending to show an agreement or concerted action among the defendants, Plaintiff has also failed to allege that she is a member of a statutorily protected class, and the conspiratorial actions taken by defendants stem from plaintiff's membership in that class.  "[I]n the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under §1985." *Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994). The Court finds no allegations which would support a § 1985 conspiracy claim.  Therefore, the Court will grant Defendants' motion to dismiss Plaintiff's § 1985 claim for failure to state a claim.

D.      42 U.S.C. § 1986

Finally, Plaintiff asserts a claim under 42 U. S. C. § 1986.  Under 42 U.S.C. § 1986, persons who have knowledge of a § 1985 conspiracy and fail to exercise any power they might have to prevent it may be liable to the party injured in the conspiracy.  *See Brever v. Rockwell Intl Corp.*, 40 F. 3d 1119, 1124 n.5 (10th Cir. 1994). Clearly, Plaintiff's § 1986 claim must  fail because "there can be no valid claim under Section 1986...in the absence of a conspiracy under §1985." *Santistevan v. Loveridge,* 732 F.2d 116, 118 (10th Cir. 1984).  Accordingly, Defendants' motion to dismiss Plaintiff's § 1986 claim for failure to state a claim will be granted.

5.      **State Law Claims**

Common law sovereign immunity for tort actions was abolished by the New Mexico Supreme Court in *Hicks v. State*, 88 N.M. 588, 544 P.2d 1153 (1975).  The following year, the New Mexico Legislature responded by passing the New Mexico Tort Claims Act (NMTCA) which reinstated governmental immunity except in eight classes of activities which are specifically set out as exemptions within the Act. *See* NMSA 1978, § 41-4-1 *et seq*.  The NMTCA is the exclusive means for pursuing tort liability against a governmental entity.  Consent to be sued under the Tort Claims Act may not be implied, but must be specifically found within one of the exceptions under the Act.  *See Begay v. State*, 104 N. M. 483, 487 (Ct. App. 1985) rev'd on other grounds, *Smialek v. Begay,* 104 N.M. 375 (1986)("If no specific waiver of immunity can be found in the Tort Claims Act, plaintiff's complaint must be dismissed"). Likewise, § 41-4-4 declares that governmental entities and public employees, while acting within the scope of their duties, shall also be immune from liability for any tort except as waived by the Act.  *See Tompkins v. Carlsbad Irrigation District*, 96 N.M. 368, 630 P.2d 767 (Ct.App.1980).  Therefore, the Court must determine whether immunity has been waived for Plaintiff's state tort claims against Officer Hansen acting within the scope of his employment.

### A.    *Intentional Infliction of Emotional Distress*

Plaintiff's complaint, Count V, seeks recovery for intentional infliction of emotional distress. However, this claim is not cognizable as a matter of law.  Intentional infliction of emotional distress is not included in the list of torts for which immunity has been waived.  *See* NMSA 1978 §41-4-4 through § 41-4-12.  *See also Romero v. Otero*, 678 F. Supp. 1535 (D.N.M. 1987)(the New Mexico Tort Claims Act does not waive immunity of law enforcement officers for intentional infliction of emotional distress).Consequently, Defendant Hansen is  immune from liability for intentional infliction of emotional distress under the Tort Claims Act.

### B.    *Negligence*

9

Plaintiff's complaint, Count VI, seeks recovery for negligence resulting in the violation of civil rights.  However, the law is clear that no cause of action exists for negligence under § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 331-33 (1986).  Therefore, Defendants move to dismiss Plaintiff's claim for negligence given that, absent a predicate tort, immunity is not waived by §41-2-12 of the Tort Claims Act.

Based on a liberal review of the complaint, and taking Plaintiff's allegations as true, Defendant Hansen's actions qualify as a battery for purposes of the NMTCA.  Battery is defined as "a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff  to suffer such a contact, or apprehension that such a contact is imminent."  W. Page Keeton et al., Prosser and Keeton on Torts, §9, at 39 (5th ed. 1984), citing Restatement (Second) of Torts, §13 (1965).  Plaintiff alleges that Officer Hansen pulled her from her car and assaulted her about the nose and face with his fist.  Clearly such actions could constitute battery.  Battery is a tort for which immunity is specifically waived when committed by a law enforcement officer.  *See* NMSA 1978 § 41-4-12 (Repl. Pamp. 1989).[4]  As a result, Defendants' motion to dismiss this claim of negligence is denied as to Defendant Hansen.

**6.      Punitive Damages**

Plaintiff seeks recovery of both compensatory and punitive damages.  *See* Complaint at ¶ 13, filed

---

[4]Under the NMTCA,

"...immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liabilty for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties."

NMSA 1978 § 41-4-12 (Repl. Pamp. 1989).

May 17, 2000 *(Doc. 1)*.  Punitive damages may not be awarded against a municipality.  *See City of New Port v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).  Furthermore, federal law does not permit an award of punitive damages against an officer acting in his official capacity.  *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).  Although punitive damages may be awarded against an officer in his individual capacity for civil rights violations, recovery is limited to exceptional circumstances in which the offending officer "is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  *Smith v. Wade*, 461 U.S. 30, 56 (1983).  The Court finds that Plaintiff has failed to plead any facts which would support such a punitive damage claim.  Accordingly, Defendants' motion to dismiss Plaintiff's prayer for punitive damages will be granted.

## CONCLUSION

Based on the foregoing, the Court holds that Plaintiff's Counts III and IV, stating claims for violation of 18 U.S.C. §§ 241, 245 and 1505, are dismissed against all defendants.  The Court further finds that the MVD qualifies as a state agency eligible for Eleventh Amendment immunity and Plaintiff's claims will be dismissed as to Defendant MVD.  The Court also finds that the Albuquerque Police Department is not a proper party and therefore, the Court will dismiss all of Plaintiff's claims against the Albuquerque Police Department.

Count I, stating claims for conspiracy to violate civil rights will be dismissed in its entirety as to Defendant Hansen. The Court will also dismiss Plaintiff's Count II against Officer Hansen in his official capacity.  The Court will not dismiss Plaintiff's §1983 claim against Defendant Hansen in his individual capacity.

The Court will dismiss Count V in its entirety for failure to state a cognizable claim. The Court declines to dismiss Plaintiff's Count VI for negligence as to Defendant Hansen in his individual capacity,

finding a claim for battery may exist under the New Mexico Tort Claims Act.

Finally, the Court holds that Plaintiff has failed to plead any facts which would support a punitive damage claim against any of the Defendants.

Accordingly, the following claims remain in the case:

Count II- against Officer Hansen in his individual capacity.
Count VI-against Officer Hansen in his individual capacity.

Wherefore,

IT IS ORDERED that Defendant New Mexico Motor Vehicles Division (MVD)'s Motion to Dismiss, filed June 13, 2000 *(Doc. 10)* is well taken and is hereby granted;

IT IS FURTHER ORDERED that Defendant Albuquerque Police Department (APD)'s Motion to Dismiss, filed June 26, 2000 *(Doc. 12)* is well taken and is hereby granted; and

IT IS FURTHER ORDERED that City Defendants' Motion to Dismiss, filed January 2, 2001 *(Doc. 27)* is well taken in part and is hereby granted in accordance with this opinion.

DATED April 23, 2001.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:

      Ann Henry
      Plaintiff *Pro Se*

Attorney for City Defendants:

      Stephanie M. Griffin, Esq.
      Assistant City Attorney
      Albuquerque, New Mexico

Attorney for Motor Vehicle Division:

      Sean Olivas, Esq.
      Keleher & McLeod, P.A.
      Albuquerque, New Mexico