IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANN HENRY,

      Plaintiff *Pro Se*,

vs.                                          No. CIV 00-719 JC/KBM

ALBUQUERQUE POLICE DEPARTMENT,
OFFICER D.L. HANSEN, NEW MEXICO
MOTOR VEHICLE DIVISION OF THE
STATE OF NEW MEXICO,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Plaintiff's Motion for Reconsideration Under FRCP 60(b), filed May 24, 2001 *(Doc. 38)*; Defendant Hansen's Motion for Summary Judgment on Counts II and VI, filed May 29, 2001 *(Doc. 42)*; Defendant Hansen's Motion to Strike Plaintiff's Affidavit and Exhibits, filed June 25, 2001 *(Doc. 50)*; Plaintiff's Motion to Strike Defendant's Motion to Strike, filed July 12, 2001 *(Doc. 53)*; and Plaintiff's Motion to Strike Defendant's Dilatory Pleadings and Motions, filed July 27, 2001 *(Doc. 57)*. The Court has reviewed the motions, the memoranda submitted by the parties and the relevant authorities.

### BACKGROUND

On May 29, 1999, Plaintiff was stopped by Defendant Officer Hansen for failure to properly display her license plate. During the stop, Defendant Hansen queried the New Mexico Motor Vehicle Department and learned that Plaintiff's license had been previously suspended for failure to pay a fine.

Defendant Hansen then ordered a tow truck to remove Plaintiff's truck, despite Plaintiff's assertion that the previous ticket had been paid. When the tow truck arrived, Plaintiff began yelling at the tow truck driver and re-entered her truck in an attempt to stop the tow truck from removing her vehicle. Plaintiff then alleges that Officer Hansen "pull[ed] Plaintiff from the vehicle by the legs, physically assaulting her about the face and nose with his fist." *See* Complaint at 3, filed May 17, 2000. Plaintiff was arrested and charged with battery, to which she entered a plea of guilty. *See* Defendant's Exhibit A, filed May 29, 2001 *(Doc. 44)*.

Plaintiff brought suit in this court against the Albuquerque Police Department, Officer Hansen, and the New Mexico Division of Motor Vehicle, for constitutional rights violations and state tort claims. The Court has dismissed all of Plaintiff's claims except Counts II and VI against Officer Hansen in his individual capacity. *See* Amended Memorandum Opinion and Order, filed April 23, 2001 *(Doc. 35)*. Presently before the Court are five pending motions. First, Plaintiff moves the Court for reconsideration of its order dismissing her claims. Second, Defendant Hansen moves for summary judgment on the remaining counts. Third, in three different motions, the parties move to strike various pleadings, affidavits and exhibits.

## ANALYSIS

### I. Plaintiff's Motion for Reconsideration

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies to a motion depends essentially on the time a motion is served. A

motion to reconsider filed within 10 days after an entry of judgment is considered a Fed. R. Civ. P. 59(e) motion, a motion to alter or amend judgment. *See Van Skyver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion filed after that time is considered a motion seeking relief from judgment under Fed. R. Civ. P. 60(b). *See id.* A motion for relief under Rule 60(b) must be made within one year of entry of the judgment or order in dispute. Accordingly, Plaintiff moves the Court for reconsideration under Fed. R. Civ. P. 60(b), having filed her motion one month after the Court entered its Order.

Rule 60(b) provides for relief from judgment upon mistake, inadvertence, excusable neglect, newly discovered evidence or fraud. *See* Fed. R. Civ. P. 60(b). Plaintiff argues that the Court's order should be voided due to mistakes and inadvertence by the Court. *See* Plaintiff's Motion for Reconsideration at 1, filed May 24, 2001 *(Doc. 38).* Plaintiff's alleged mistakes and acts of inadvertence, however, merely reiterate the arguments proffered by Plaintiff in her Response to Defendants' Motion to Dismiss.  Plaintiff essentially argues that the Court's decision itself was a mistake.  Plaintiff offers no new evidence or law, nor does she point to any manifest errors of law or fact upon which the Court may have improperly relied. Plaintiff essentially seeks reconsideration of the Court's prior ruling on the grounds that she disagrees with the Court's legal analysis. Absent extraordinary circumstances, revisiting the issues already addressed is not the purpose of a motion to reconsider. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000); *Van Skiver*, 952 F. 2d at 1243. The Court considered the allegations set forth in Plaintiff's complaint and found them inadequate to support her claims.  A motion to reconsider is not a license for the losing party to get a second bite at the apple to make legal arguments that could have been made previously. *See Mantle Ranches, Inc. v. U. S. Park Service*, 950 F. Supp. 299, 300 (D. Colo. 1997 ).

While the Tenth Circuit has consistently stated that Rule 60(b) should be liberally construed when substantial justice will thus be served, the decision to grant relief under Rule 60(b) lies within the sound discretion of the Court. *See New England Mut. Life Ins. Co. v. Anderson*, 888 F.2d 646, 652 (10th Cir.1989).  In this case, reconsideration is not warranted, nor appropriate.  Plaintiff has failed to present any extraordinary circumstances that justify relief. Accordingly, Plaintiff's motion to reconsider is denied.

## II.     Defendant Hansen's Motion for Summary Judgment

With the Court's denial of Plaintiff's Motion for Reconsideration, the only claims remaining in this case are Counts II and VI against Defendant Officer Hansen in his individual capacity. Defendant Hansen moves for summary judgment on the remaining claims.

### A.     Count VI

Plaintiff's Count VI alleges "Negligence...in Violation of Civil Rights."  *See* Complaint at 4. The Court previously declined to dismiss Plaintiff's Count VI negligence claim on the grounds that, while Plaintiff has failed to plead a predicate tort as required by the New Mexico Tort Claims Act, her allegations clearly support a claim for battery. *See* Court's Amended Memorandum Opinion and Order,  filed April 23, 2001 *(Doc. 35)*.  The latitude given Plaintiff was warranted based on the standard of review on a motion to dismiss, the stage of the case, and Plaintiff's *pro se* status.

Defendant Hansen now moves for summary judgment on Plaintiff's negligence claim premised on battery. Defendant Hansen argues that because Plaintiff specifically alleges a civil rights violation, as opposed to a tort, her claim must be dismissed.  Defendant argues,  a finding of mere negligence has consistently been held insufficient to maintain a claim for violation of one's constitutional rights. *See*  Defendant Hansen's Memorandum in Support of Motion at 12.  The Court agrees.  Even if

4

Plaintiff can prove negligence by Defendant Hansen, negligence itself does not rise to the level of a constitutional rights violation. *See Daniels v. Williams*, 474 U.S. 327, 328-31 (1986)(A negligent act of an official causing injury to life, liberty, or property does not violate the United States Constitution); *Davidson v. Cannon*, 474 U.S. 344 (1986). *See also Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir.1990) (more than mere negligence required for constitutional deprivation in civil rights action). The Court will also forego granting any further liberty which would interpret Plaintiff's claims under the New Mexico Tort Claims Act. Plaintiff's Complaint made no mention of the Act and Plaintiff failed to respond to Defendant's motion on that issue. Accordingly, Defendant Hansen's Motion for Summary Judgment will be granted as to Count VI.

### B.     Count II

Defendant Hansen also moves for Summary Judgment on Count II based on qualified immunity. The doctrine of qualified immunity protects government officials from individual liability under 42 U. S. C. § 1983 for actions taken while performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U. S. 800, 818 (1982). Qualified immunity is not just a mere defense to liability. Rather, it is an entitlement not to stand trial or face the other burdens of litigation. *See Saucier v. Katz*, 121 S. Ct. 2151, 2156 (2001). Accordingly, to preserve the benefits of the defense, it is important that qualified immunity matters be resolved early in the litigation process. *See id.*

Summary judgment motions involving a qualified immunity defense are determined somewhat differently than other summary judgment motions. *See Romero v. Fay*, 45 F. 3d 1472, 1475 (10th Cir. 1995). When a defendant raises qualified immunity in a motion for summary judgment, the burden

shifts to the plaintiff to meet a strict two-part test. *See Nelson v. McMullen*, 207 F. 3d 1202, 1206 (10th Cir. 2000) quoting *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir.1995). First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show the right the defendant's conduct violated was clearly established such that a reasonable person in the defendant's position would have known the conduct violated the right. *Anaya v. Crossroads Managed Care Sys., Inc.*, 195 F. 3d 584, 593 (10th Cir. 1999)(quoting *Lawmaster v. Ward*, 125 F. 3d 1341, 1347 (10th Cir. 1997)). Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains. *See Medina v. City & County of Denver*, 960 F. 2d 1493, 1498 (10th Cir. 1992). If, and only if, the plaintiff establishes both elements of the test does a defendant then bear the traditional burden of showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *See Albright*, 51 F. 3d at 1535.

The first question then, is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right. *See Saucier v. Katz*, 121 S.Ct. at 2156; *Jurasek v. Utah State Hosp.*, 158 F. 3d 506, 516 (10th Cir. 1998). Plaintiff's Count II fails to specify a constitutional right which she feels was violated by Defendant Hansen. Plaintiff does, however, contend that Defendant Hansen assaulted her about the hands and face with his fist when he attempted to tow her car and during her arrest. *See* Complaint at 3. The Court recognizes that under the facts alleged by Plaintiff, a constitutional violation could have occurred based simply on the general rule prohibiting excessive force. *See Saucier*, 121 S.Ct. at 2159. Given her *pro se* status, the Court will therefore assume that Plaintiff's case is an excessive

6

force case.[1]

The next step is to ask whether the right that the defendant allegedly violated was clearly established at the time of the conduct at issue. *See Saucier v. Katz,* 121 S.Ct. at 2156; *Albright v. Rodriguez*, 51 F. 3d 1531, 1534-35. The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Saucier*, 121 S.Ct at 2156. *See also Graham v. Connor*, 490 U.S. 386, 395 (1989)(claims of excessive force are analyzed under the objective reasonableness standard of the Fourth Amendment); *Wilson v. Layne*, 526 U.S. 603, 615 (the objective reasonableness standard asks whether, based upon the information the officer had when the conduct occurred,"the right [was] sufficiently clear that a reasonable officer would understand that what he is doing violates that right"). The reasonableness of an officer's conduct is assessed "from the perspective of a reasonable officer on the scene," recognizing the fact that the officer may be "forced to make split-second judgments" under stressful and dangerous conditions. *See Graham,* at 396-97. Relevant factors include the crime's severity, the potential threat posed by the suspect to the officer's and others' safety, and the suspect's attempts to resist or evade arrest. *See id.* at 396. The reasonableness standard is "clearly established" in the context of § 1983 actions. *Wilson v. Meeks*, 52 F.3d 1547, 1552 (10th Cir.1995). Therefore, a defendant may still prevail on summary judgment by showing that no material issues of fact remain as to whether his actions were "objectively reasonable" in light of

---

[1] To the extent that Plaintiff might argue a constitutional violation arising from Defendant's decision to pull her over, or to arrest her, the Court finds that Defendant Hansen had reasonable suspicion to pull her over for violation of § 66-3-18 (registration plate must be attached to the rear of the vehicle) and probable cause to arrest her for failure to display a license place, no insurance, no registration and a suspended license. Thus, the Court would grant the Defendant qualified immunity for Plaintiff's failure to establish a constitutional or statutorial violation based on those acts.

the law and the information he possessed at the time. *See Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 779 (10th Cir. 1993).

In this case, Defendant Hansen argues that the amount of force he used to effectuate Plaintiff's arrest was objectively reasonable in light of the circumstances. *See* Defendant's Memorandum in Support of Motion at 10. Specifically, Defendant argues that "grabbing Plaintiff by one of her arms and later grabbing onto one of her ankles" simply does not constitute excessive force given Plaintiff's attempt to flee. *See id.* at 11. Defendant argues that Plaintiff suffered no injury from the alleged acts of battery, indicating that the use of force was not excessive. *See id.* at 12. Furthermore, Defendant maintains that inconsistencies in Plaintiff's affidavits and medical records demonstrate the absence of a genuine dispute as to the amount of force employed during the incident.

Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat to affect it. *Terry v. Ohio*, 392 U.S. 1, 22-27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Plaintiff acknowledges that she, Plaintiff, reacted negatively to the towing of her truck both verbally and physically by shouting at the tow truck driver and Officer Hansen and by reentering her truck. Defendant Hansen reasonably presumed that plaintiff was attempting to flee the scene of the investigation. In these circumstances, a reasonable officer, forced to make a split second judgment, may have done the same.

Moreover, there is no evidence in the record that the force with which Defendant Hansen removed Plaintiff from her truck was excessive. Defendant Hansen used that amount of force necessary to prevent plaintiff from fleeing the scene. Significantly, there is evidence that Plaintiff hit and kicked Defendant Hansen when he attempted to stop her.  Indeed, plaintiff pled guilty to battery

on a law enforcement officer. Thus, Plaintiff's actions substantiated the need for Officer Hansen to forcibly remove her from her truck. The Court finds that removing Plaintiff from her truck by grabbing her and pulling her from the vehicle was objectively reasonable in light of the circumstances. Furthermore, the Court finds no evidence to support Plaintiff's allegations that Defendant Hansen used his fist to assault her. In fact, Plaintiff retreats from this initial charge in her later affidavits. Accordingly, the Court determines that there is no evidence in the record that the force used by Defendant Hansen was constitutionally excessive. Plaintiff's claim for excessive force is dismissed.

**III.**     **Motions to Strike**

    **A.**     **Defendant Hansen's Motion to Strike Plaintiff's Affidavit and Exhibits**

Defendant Hansen also moves to strike Plaintiff's Affidavit and Exhibits which were attached to her response to Defendant's Motion for Summary Judgment. The Court recognizes that Plaintiff's Affidavit is self-serving; however, given that only Plaintiff and Defendant Hansen were privy to the events which occurred, Plaintiff is entitled to allege her version of the facts. Furthermore, Plaintiff's exhibits were not improper at this point in the proceedings. Accordingly, Defendant's motion is denied.

    **B.**     **Plaintiff's Motions to Strike**

The Court finds Plaintiff's motions to be dangerously close to frivolous pleadings. *See* Plaintiff's Motion to Strike Defendant's Motion to Strike, filed July 12, 2001 *(Doc. 53)*; and Plaintiff's Motion to Strike Defendant's Dilatory Pleadings and Motions, filed July 27, 2001 *(Doc. 57)*. In this case, the proper arena for Plaintiff's arguments is a response brief. Furthermore, the Court finds the motions to be without merit. Accordingly, Plaintiff's motions to strike are denied.

Wherefore,

9

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration Under FRCP 60(b), filed May 24, 2001 *(Doc. 38)* is hereby **denied**;

**IT IS FURTHER ORDERED** that Defendant Hansen's Motion for Summary Judgment on Counts II and VI, filed May 29, 2001 *(Doc. 42)* is hereby **granted;**

**IT IS FURTHER ORDERED** that Defendant Hansen's Motion to Strike Plaintiff's Affidavit and Exhibits, filed June 25, 2001 *(Doc. 50)*; Plaintiff's Motion to Strike Defendant's Motion to Strike, filed July 12, 2001 *(Doc. 53)*; and Plaintiff's Motion to Strike Defendant's Dilatory Pleadings and Motions, filed July 27, 2001 *(Doc. 57)* are hereby **denied**.

DATED August 28, 2001.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:

    Ann Henry
    Plaintiff *Pro Se*

Attorney for City Defendants:

    Stephanie M. Griffin, Esq.
    Assistant City Attorney
    Albuquerque, New Mexico

Attorney for Motor Vehicle Division:

    Sean Olivas, Esq.
    Keleher & McLeod, P.A.
    Albuquerque, New Mexico